## HOYERT *v.* BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY ET AL.

[No. 486, September Term, 1970.]

*Decided June 29, 1971.*

668

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Joseph F. McBride,* with whom were *Robert A. Diemer, Bill L. Yoho, Roy W. Hooten* and *Hoyert, Diemer, Yoho, Hooten & McBride* on the brief, for appellant.

*Alderic C. Sturtevant, Associate County Attorney,* with whom was *Walter H. Maloney, Jr., County Attorney,* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

In this case appellant Robert S. Hoyert (Hoyert) as agent for the owner complains because the circuit court sustained on appeal the action of the County Commissioners of Prince George's County sitting as a District Council in granting only a part of the rezoning which he requested. Because we conclude the District Council in reaching its conclusion proceeded upon an impermissible hypothesis, we shall reverse and remand the case for further proceedings.

The reporter is directed to reproduce the attached drawing which may facilitate an understanding of the case. The District Council said:

## *"FINDINGS OF FACT*

"1. This petition is for reclassification of a parcel of land containing 37 acres, more or

less, located on the northerly side of Powder Mill Road and the westerly side of Edmonston Road, being the land within the northwest quadrant of the intersection of these roads with the exception of the immediate corner property from R-R to I-1.

"2. The petitioner presented one expert witness who testified as to his reasons why the property should be rezoned.

"3. Testimony from the witness and from the Park and Planning Exhibit No. 5 indicates that a proposed extension of Kenilworth Avenue will divide the property.

"4. To the west and northwest of the subject property is a scattering of industrial property, but surrounding the subject property to the east of the proposed Kenilworth Avenue extension in all directions is residential property.

## "CONCLUSIONS

"1. The petitioner has not met the burden of proof to establish that the entire tract should be rezoned.

"2. The proposed extension of Kenilworth Avenue is a desirable buffer between the industrial and residential areas and, therefore, the application as to 32, more or less, acres is premature.

"3. Although there is a master plan for the area, the master plan is merely a guide and each piece of property must be considered on the merits of each case at the time it is heard; that it is the opinion of the Board that to zone this land industrial would be an unwarranted intrusion into an established residential area and, therefore, would constitute a mistake in the master plan.

"4. Five, more or less, acres lying west of the

proposed extension of Kenilworth Avenue is, therefore, approved for the I-1 zone with the remainder of the property (32, more or less, acres) disapproved for the I-1 zone."

The planning commission had recommended that 19.6611 acres be approved for I-1 "with 17.9700 acres, more or less, withheld from consideration in order to provide for a 300-foot variable right-of-way for Kenilworth Avenue and for an 80-foot right-of-way for Edmonston Road", proposed improvements in the planning stage. The actual total area involved is 37.6 acres.

Hoyert in his appeal to us "does not contend that the original maps were in error", nor that there has "been any comprehensive rezoning dealing with the subject property since the adoption of the original map", but rather "that the record before the District Council reflected a substantial change in the neighborhood, with no evidence to the contrary." He recognizes, therefore, that to sustain a piecemeal change there must be produced strong evidence of mistake in the original zoning or comprehensive rezoning or else evidence of substantial change in the character of the neighborhood. *Wells v. Pierpont,* 253 Md. 554, 557, 253 A. 2d 749 (1969).

In the posture in which this case reaches us, there being no contention presented to the contrary, we assume for the purpose of our decision, without in any way deciding, that sufficient evidence of change in the neighborhood was presented to justify the District Council in reaching its decision to reclassify a portion of the land as I-1.

Hoyert in effect contends that he submitted sufficient evidence to warrant a reclassification, that withholding reclassification of approximately 17 acres of this land for the future expansion of Kenilworth Avenue was not proper, and that the circuit court erred in holding that the District Council had properly created a buffer strip out of his land. On the matter of buffer strips see *Spaid*

*v. Board of Co. Comm'rs,* 259 Md. 369, 269 A. 2d 797 (1970), involving a tract relatively close to this land.

No evidence of any kind was presented to indicate when Kenilworth Avenue might be extended. The assumed right-of-way lines were gleaned by the Park and Planning Commission from various consultations with the State Roads Commission, although counsel for Hoyert did state "for the Court's edification, the United States Government has already dedicated its portion of the road up to the southern portion of [Powder Mill Road]. So there is no doubt that road is going to be coming through [t]here sometime in the future." However, counsel for the County Commissioners said that body was "well aware this thing may never take place."

One portion of the circuit court record reflecting dialogue between counsel for the county and the court is particularly revealing:

"MR. LOCHTE: The [planning] Staff recommended that it be granted for I-1, this parcel (indicating), and the parcel on the other side of the proposed Kenilworth Avenue extension. So they recommended that this parcel to the right of the line right here (indicating), this five acres be granted and the five acres was granted.

"THE COURT: What did they do with Kenilworth Avenue there?

"MR. LOCHTE: Let [sic] it in R-R zone.

"THE COURT: And we never find out why they did that.

"MR. LOCHTE: I hate to say I think it's obvious, but I think it really is. When you get down to it, I think the Court has hit it. They wanted to leave it in R-R zoning because they didn't want to put it in I-1 or I-2 zone because of the price they might have to pay for it.

"THE COURT: Is that any constitutional reason?

"MR. LOCHTE: My theory for that is that if an applicant wants to have his property zoned to a higher use, namely, industrial, he must make allowance for increased land development that is going to be generated by his request for rezoning. The County has nowhere to go if they don't require the landowner to make allowances for the increased use of the land or adjacent property which his rezoning request is going to generate. I think that is a lawful zoning.

* * *

"THE COURT: I gather from reading the report that the Commission itself stopped short of the whole line, but drew it at Kenilworth Avenue.

"MR. LOCHTE: No. They recommended I-1 for nineteen plus acres with seventeen plus acres withheld from consideration in order to provide for a three-hundred-foot vertical right of way for Kenilworth Avenue and eighty-foot right of way for Edmonston Road.

"THE COURT: That is what I said. They want the same bite of the apple. They want land for nothing.

"MR. LOCHTE: That is correct, your Honor. They recommended that that proposed Kenilworth Avenue be withheld and that it remain R-R."

In *Cong. School v. Roads Commission,* 218 Md. 236, 146 A. 2d 558 (1958), this Court held that there could not be a collateral attack on zoning. By way of dictum Chief Judge Brune said for the Court:

"There seems to be general agreement among the authorities which have considered the question that zoning cannot be used as a substitute for eminent domain proceedings so as to defeat the constitutional requirement for the payment

of just compensation in the case of a taking of private property for public use by depressing values and so reducing the amount of damages to be paid." (citing authorities) *Id.* at 241.

This was followed by *Carl M. Freeman, Inc. v. St. Rds. Comm'n,* 252 Md. 319, 250 A. 2d 250 (1969). The Court was there concerned in an eminent domain proceeding with § 111-48f of the Montgomery County Code which provided:

> "Any area reclassified by a local or a sectional or District plan map amendment shall exclude and be held to exclude any portion of the area which lies in the bed of a road, street, or alley, whether existing or proposed on a plan adopted by the Commission or other duly constituted public authority."

The question presented was whether testimony as to value based on R-A zoning classification should have been admitted when, but for the ordinance withholding zoning, the highest and best use of the land would have been other classifications. Judge Finan said for the Court:

> "The property owner must be protected from prejudicial evidence as to value based on restrictions on the use of his property unconstitutionally impressed as part of a design to freeze or depress its value. To hold otherwise is to deprive him of the opportunity to receive just compensation for his property guaranteed by section 40 of Article III of the Constitution of Maryland. * * * [I]t was error for the lower court to admit into evidence testimony as to the market value of the property based on R-A zoning as the highest and best use of the property." Id. at 329-30.

The Court then went on to recognize "the close relationship that necessarily must exist between planning and

zoning". It was pointed out that while the provisions of what is now Code (1970 Repl. Vol.) Art. 66B §§ 6.01 and 6.02 provide for the reservation of land for proposed streets and highways for future public acquisition, this objective is implemented by controlling the issuance of building permits in the bed of the dedicated street or highway and makes no mention of preserving a proposed street bed through the expedient of zoning.[1] The Court then further said:

> "Indeed, in the instant case, as we have stated, one cannot escape the fact that the withholding of the zoning classification given the surrounding property, from the specific area designated for street widening, was solely to depress or freeze in *status quo* the value of the land forming the street bed." *Id.* at 330.

In this case the conclusion is inescapable that the District Council considered this case as though the proposed extension of Kenilworth Avenue was in actual existence, despite the fact that no evidence as to a date for its construction was presented, nor was any evidence from any source presented to substantiate the fact that it will actually be so extended. We conclude that this was an impermissible attempt to freeze or depress the value of Hoyert's land in anticipation of a subsequent condemnation. A determination of where a line between two zones is to be drawn based upon such a hypothesis constitutes arbitrary and discriminatory action. This holding is in line with that of our predecessors in *Moale v. Baltimore,* 5 Md. 314, 322 (1854) "that a person owning a lot lying on the bed of a street which is taken for the public use, is entitled to be compensated for it *precisely as if no street was opened over it."* (Emphasis theirs).

The circuit court should remand this case to the District Council for further consideration. In the absence

---

1. Code (1970 Repl. Vol.) Art. 66B, § 7.03, effective January 1, 1971, provides that Article 66B is not applicable to chartered counties.

of a showing at that time that Kenilworth Avenue has been extended, that the extension is under construction, that the State is in the process then of obtaining rights-of-way for it, or that there is a definite and positive commitment by the State for extension within a reasonably short period of time with the right-of-way definitely determined, then the matter should be considered as if no road were there, since that is precisely the condition that exists.

*Order reversed; case remanded for further proceedings consistent with this opinion; appellees to pay the costs.*

EDMONSTON ROAD

Right-of-way lines for proposed extension of Kenilworth Avenue

14.661 Acres retained R-R

5.0 Acres re-zoned I-1

17.97 Acres retained R-R

POWDER MILL ROAD